UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CINNAMON HARLEY and
LIVINGS GOOD HOLDINGS, LLC,

        Plaintiffs,

        v.                                                Case No. 23-C-674

FAY SERVICING, LLC,

        Defendant.

---

## DECISION AND ORDER

---

Plaintiffs Cinnamon Harley and Livings Good Holdings, LLC, brought this action against Defendant Fay Servicing, LLC, asserting claims for violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et. seq.*, and its implementing Regulation X, 12 C.F.R. § 1024, as well as claims for violations of Wisconsin's Banking and Financial Institutions laws, pursuant to Wis. Stat. ch. 224. This case arises out of Defendant's allegedly improper decision to put force-placed insurance on Plaintiff's property. Defendant removed the action from Brown County Circuit Court to this court pursuant to 28 U.S.C. § 1441(c). On June 29, 2023, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Rather than filing a brief in response to the motion, Plaintiffs filed an amended complaint, substituting a breach of contract claim for their claims under Wis. Stat. ch. 224. Defendant timely filed a motion to dismiss or, in the alternative, to strike Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectively. The court has jurisdiction over Plaintiffs' RESPA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367. For the following

reasons, Defendant's motion to dismiss the original complaint will be denied as moot, Defendant's motion to dismiss the amended complaint will be granted, and the case will be dismissed.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). A complaint must have factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* Thus, a simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal citations and quotations marks omitted); *see also Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT

Plaintiffs own real estate properties in Brown County, Wisconsin, located on South Webster Avenue and South Quincy Street. Am. Compl. ¶ 6, Dkt. No. 18. Defendant services

2

mortgages on Plaintiffs' properties. *Id.* ¶ 7. Plaintiffs maintained insurance on the properties, which was paid by Defendant through the escrow account. *Id.* ¶¶ 8–9. Plaintiffs allege that, despite the fact that it was paying the insurance policy through the escrow account, starting in 2022, Defendant put force-placed insurance on some of Plaintiffs' properties. *Id.* ¶ 10. When force-placed insurance would be added to a property, the monthly payment amount would increase for Plaintiffs. *Id.* ¶ 12. Plaintiffs further allege that this force-placed insurance was overpriced, excessive, and unnecessary, as Plaintiffs continued to maintain insurance on the properties, which was paid by Defendant through the escrow account. *Id.* ¶¶ 13–14. Sometimes the force-placed insurance would be later cancelled and refunded, but other times it would not. *Id.* ¶ 11. Even though the loan was for a business purpose, prior to obtaining force-placed insurance, Defendant would send notices as required by RESPA. *Id.* ¶ 15. Defendant also responded to a Notice of Error letter sent by Harley, as required by RESPA. *Id.* ¶ 16. Plaintiffs contend that Defendant opted into RESPA through its actions. *Id.* ¶ 17. As a result of the force-placed insurance imposed, Plaintiffs allege that Harley has suffered from emotional distress, constituting actual damages. *Id.* ¶ 18.

## ANALYSIS

### A. RESPA Claim

Plaintiffs assert that Defendant violated 12 U.S.C. §§ 2605(k)(1)(A) and 2605(m) of RESPA by obtaining and imposing charges for force-placed hazard insurance on their properties without a reasonable basis to believe that Plaintiff failed to maintain property insurance. Am. Compl. ¶¶ 20–21. Force-placed insurance is "hazard insurance coverage obtained by a servicer of a federally related mortgage when the borrower has failed to maintain or renew hazard insurance on such property as required of the borrower under the terms of the mortgage." 12 U.S.C.

3

§ 2605(k)(2). RESPA provides "[a] servicer of a federally related mortgage shall not obtain force-placed hazard insurance unless there is a reasonable basis to believe the borrower has failed to comply with the loan contract's requirements to maintain property insurance." 12 U.S.C. § 2605(k)(1)(A). The Act further provides "[a]ll charges, apart from charges subject to State regulation as the business of insurance, related to force-placed insurance imposed on the borrower by or through the servicer shall be bona fide and reasonable." 12 U.S.C. § 2605(m). Plaintiffs contend that Defendant's continued practice of placing overpriced force-placed insurance on Plaintiffs' properties when they were already insured establishes a pattern or practice of noncompliance with the provisions of § 2605. Am. Compl. ¶ 22.

In response, Defendant contends that RESPA does not apply to the loan at issue in this case. Defendant argues that RESPA only applies to consumer loans and that Plaintiffs' commercial loan made for a business purpose is expressly exempt from RESPA's coverage. Def.'s Br. in Supp. at 10, Dkt. No. 20. In support of their argument, Defendant cites § 2606(a)(1), which states, "[t]his chapter does not apply to credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a)(1).

Plaintiffs do not dispute Defendant's contention that RESPA only applies to consumer loans, or that the loan in this case was a business loan. Am. Compl. ¶¶ 15–16. They nevertheless argue that RESPA applies here because Defendant opted into RESPA through its conduct. Pls.' Br. in Opp'n at 2–3, Dkt. No. 21 (citing Am. Compl. ¶ 17). Plaintiffs fail to provide any authority to support their contention that Defendant opted into RESPA. Indeed, no RESPA provision contemplates an "opt in" mechanism. *See* 12 U.S.C. § 2601 *et. seq.*

Plaintiffs cite *McGinnis v. American Home Mortgage Servicing, Inc.*, 817 F.3d 1241 (11th Cir. 2016) for the proposition that a lender of a commercial loan can consent to being bound by

4

RESPA requirements through its actions. But that case is distinguishable from the case at hand. In *McGinnis*, a borrower owned a number of residential rental properties that were subject to mortgage refinancing. 817 F.3d at 1247. According to the new security deeds, the lender was able to collect and hold funds in an amount not to exceed the maximum that RESPA allows. *Id.* Further, the deeds provided that, if funds were to be held in escrow, as defined under RESPA, the lender had an obligation to notify the borrower and the borrower had an obligation to pay the lender the amount necessary to make up for the shortage, in accordance with RESPA. *Id.* In other words, the parties incorporated the provisions of RESPA into their contract. The *McGinnis* court found that the lender did not provide notice of escrow increase as required by RESPA, thus violating the terms of the security deed, which the lender had voluntarily assumed as a contractual obligation. *Id.* at 1255–56 (citing 24 C.F.R. § 3500.17(e)(1)). In so ruling, the court noted that "[a]lthough RESPA does not apply to investment loans like those at issue in this case, under the terms of the security deeds, the lender voluntarily agreed to calculate and collect escrow payments according to RESPA's requirements." *Id.* at 1247 n.3.

In this case, Plaintiffs do not allege that the terms of the mortgages here imposed any contractual obligations on Defendant to comply with RESPA's requirements. Instead, Plaintiffs allege that Defendant opted to be bound by RESPA, not by the terms of their loan agreement, but by its actions which seemed compliant with RESPA. Am. Compl. ¶¶ 15–17. More specifically, Plaintiffs note that Defendant sent a series of notices to Plaintiffs and responded to Plaintiffs' Notice of Error letter, as RESPA requires. *Id.* But alleging conduct that happens to comply with some of RESPA's statutory requirements does not plausibly suggest an obligation to comply with the whole statutory scheme. Absent a provision in their loan agreement that shows how Defendant consented to RESPA's requirements through contractual obligation, Plaintiffs have not established

5

that the law recognizes an opt-in mechanism to RESPA through one's conduct. *See Carter v. CrossCountry Mortg., Inc.*, No. 18-12714, 2019 WL 3958275, at *5 (E.D. Mich. Aug. 21, 2019) (rejecting an argument that plaintiff had a claim under RESPA because its provisions were incorporated and referenced in a mortgage agreement when plaintiff had "not directed the Court to any provisions in the Mortgage Agreement showing that [defendant] has 'consented' to RESPA, and the use of the term 'RESPA' in the Agreement does not bind [defendant] to being subjected to [plaintiff's] claims under that statute"). Thus, Plaintiffs have failed to state a claim under RESPA.

### B. Breach of Contract Claim

What is left is Plaintiffs' state common law claim for breach of contract. Am. Compl. ¶¶ 26–29. Generally, when federal claims drop out of a case, federal courts decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The Seventh Circuit has described a "sensible presumption that if the federal claims drop out *before trial*, the district court should relinquish jurisdiction over the state-law claims." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 502 (7th Cir. 1999) (noting that the rule is dismissal unless state claims are frivolous or a "no brainer"). Nothing in this case suggests that the presumption should be ignored. Accordingly, Plaintiffs' state law claim for breach of contract against Defendant will be dismissed without prejudice so that it may be pursued in a state forum.

## CONCLUSION

For these reasons, Defendant's motion to strike or, in the alternative, to dismiss the amended complaint (Dkt. No. 19) is **GRANTED**. Plaintiffs' state law claim is dismissed without prejudice. Defendant's motion to dismiss the original complaint (Dkt. No. 12) is **DENIED as moot**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge